Saba A. Basria, Esq.
(*Pro Hav Vice* pending)
Cal. Bar No. 307594
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Ste 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile

Steven A. Kressler, Esq.
BBO #280020
KRESSLER & KRESSLER
11 Westwood Drive
Worcester, MA 01609
(508) 662-6313
(508)791-5055 facsimile
E-mail: stevenkressler@gmail.com

*Counsel for Plaintiff,*
CHRISTOPHER SADOWSKI

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>EH PUBLISHING, INC. d/b/a EH MEDIA; and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, CHRISTOPHER SADOWSKI ("Sadowski" or "Plaintiff"), for his complaint against Defendant EH PUBLISHING, INC. d/b/a EH MEDIA alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of Massachusetts, Defendant's acts of infringement complained of herein occurred in the State of Massachusetts, and Defendant caused injury to Plaintiff within the State of Massachusetts.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

//

## PARTIES

5. Christopher Sadowski ("Plaintiff") is an individual residing in the City of Hawthorne in the State of New Jersey and is a professional photographer by trade.

6. EH Publishing, Inc. d/b/a EH Media ("Defendant") is a corporation residing in the State of Massachusetts with a principal state of business at: 111 Speen St., Ste. 200, Framingham, MA 01701.

7. On information and belief, Defendant owns and operates Campus Safety Magazine, which publishes a print version nine times a year to be "distributed to more than 18,000 campus safety and security professionals nationwide." *See* https://www.campussafetymagazine.com/about_campus_safety/.

8. Campus Safety Magazine maintains a website, www.campussafetymagazine.com (the Website), which is registered to EH Publishing Inc. and attracts over 35,000 visitors a month. *See id.* Overall, Campus Safety Magazine has 18,100 magazine subscribers. *See* http://www.ehmedia.com/campus-safety/. A true and correct copy of the ICANN WHOIS registration information for the Website is attached hereto as Exhibit A.

9. On information and belief, Defendant has the right and ability to supervise and control Campus Safety Magazine's day-to-day activities and maintains a financial interest therein. Defendant manages the print and publishing

specifications for Campus Safety Magazine.  *See* http://www.ehmedia.com/specs/. Defendant also manages Campus Safety Magazine's marketing and advertising initiatives.  *See* http://www.ehmedia.com/campus-safety/; *see also* https://www.campussafetymagazine.com/advertise_with_campus_safety/.

10. On information and belief, Defendant, as owner of the Campus Safety Magazine, receives monetary gain when Campus Safety posts content to its website in order to attract user traffic and drive advertising revenue.

11. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

12. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

13. Christopher Sadowski is a professional photographer by trade. Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, and USA Today.

14. Sadowski is the sole author and exclusive rights holder to a photograph of a massive gas leak explosion at a high school building in New York (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit B.

15. Sadowski registered the Image with the United States Copyright Office under registration number VA 1-972-936.

16. Sadowski originally licensed the Image to the New York Post ("Post"). On August 21, 2015, the Post ran an article on its website titled *Contractor lit match to check gas leak, sparking school explosion* ("Post Article"), which featured Sadowski's Image. A true and correct copy of the original article is attached hereto as Exhibit C.

17. Sadowski's Image featured in the Post Article included an attribution below the bottom left corner crediting the Image to Sadowski. *See* Exhibit C.

18. On or about November 21, 2016, Sadowski discovered that

Defendant had used the Image in an article titled *Construction Workers Hospitalized Following Massive Explosion at School* (the "Infringing Article"), referencing the Post Article, but with the photo credit removed from the Website. A true and correct screenshot of the Infringing Article featuring Sadowski's Image is attached hereto as Exhibit D.

19. On information and belief, Defendant made an unauthorized copy of Sadowski's Image taken from the Post Article, and uploaded it to the server for Defendant's Website.

20. Sadowski never authorized Defendant to use the Image in any manner.

21. On information and belief, Defendant knew that it did not have permission to use the Image on Defendant's Website and willfully infringed Sadowski's Image.

22. On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Image on Defendant's Website.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

25. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

26. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

27. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. On information and belief, Defendant knew that Plaintiff created the Image because, *inter alia*, the source of the Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

31. Defendant intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Image or had legitimately licensed it for use in the Infringing Article.

32. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

33. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

34. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

35. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

36. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: August 24, 2018                    Respectfully submitted,

**/s/ Saba A. Basria**
Saba A. Basria, Esq.
(*Pro Hac Vice* pending)
Cal. Bar No. 307594
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Ste. 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
sbasria@higbeeassociates.com
*Counsel for Plaintiff*

**/s/ Steven A. Kressler**
Steven A. Kressler
BBO #280020
KRESSLER & KRESSLER
11 Westwood Drive
Worcester, MA 01609
(508) 662-6313
(508)791-5055 facsimile
stevenkressler@gmail.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: August 24, 2018                    Respectfully submitted,

**/s/ Saba A. Basria**
Saba A. Basria, Esq.
(*Pro Hac Vice* pending)
Cal. Bar No. 307594
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Ste. 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
sbasria@higbeeassociates.com
*Counsel for Plaintiff*

**/s/ Steven A. Kressler**
Steven A. Kressler
BBO #280020
KRESSLER & KRESSLER
11 Westwood Drive
Worcester, MA 01609
(508) 662-6313
(508)791-5055 facsimile
stevenkressler@gmail.com
*Counsel for Plaintiff*